THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES L. HUSPON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 1:11-cv-0109-TWP-DML |
| ) | |
| INDIANA DEPARTMENT OF CORRECTIONS ) | |
| EDWIN G. BUSS, Individually and in his official ) | |
| capacity, ALAN FINNAN, individually and in his ) | |
| official capacity, and MIKE RAINS, individually ) | |
| and in his official capacity, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the Court on Plaintiff's, James L. Huspon ("Huspon"), Motion for Leave to Submit a Tardy Response in Opposition to Motion to Dismiss due to Counsel's Error (Dkt. 30). The Court, having reviewed said Motion and the Defendants' objection thereto, now finds that said Motion should be **DENIED**.

The Motion to Dismiss Huspon's Amended Complaint (Dkt. 20) was filed by the Defendants on April 7, 2011. A response brief was due on April 21, 2011. Magistrate Judge Lynch alerted Huspon's counsel ("Counsel") on May 11, 2011 that a response was needed. Nevertheless, Counsel waited until an Order to Show Cause was issued by this Court on June 16, 2011, to respond. Counsel missed the deadline by roughly 59 days, 42 of which were after he received notification from the Magistrate Judge that a response was past due.

Counsel's reason for missing the deadline was that he delegated the responsibility of filing an Appearance and an extension of time to another lawyer, Diamond Hirschauer

("Hirschauer"), because he was going out of town.  Hirschauer then lost the pleadings of Huspon's case, and forgot to submit her Appearance or a request for an extension of time.

The above facts do not justify "good cause" to allow an extension of time. *See e.g., Reales v. Consolidated Rail Corp* 84 F.3d 993, 997 (7th Cir. 1996) (district court judge did not abuse discretion in denying request for an extension of time when the reasons were based on office management mistakes that could have been anticipated); *U.S. v. Kasuboski*, 834 F.2d 1345, 1352 (7th Cir. 1987) (judge did not abuse discretion in rejecting a request for an extension of time because Defendant's counsel was involved in a wedding, and the paralegal had just purchased a new home, as these events were foreseeable).

In *Tygris Asset Finance, Inc. v. Szollas*, WL 2610652 at *2 (N.D. Ill. 2010), the court ruled that personal health and family issues (even better reasons than the case at hand) of the defendants were not sufficient reasons to file an untimely response to plaintiff's complaint. "When unpredictable and unfortunate circumstances arise a litigant should inform the court before the filing deadline passes why he will be unable to comply, and if that is not possible, should inform the court as soon as practicably possible why the filing was late." *Id*.

Counsel herein was not incapacitated, there were no extenuating circumstances, and this error was completely avoidable.  Furthermore, Magistrate Judge Lynch notified Counsel on May 11, 2011 that a response was needed.  The Court is mindful of the client's position, however, Counsel's failure to act within the allotted time period, acting 59 days after the deadline and 42 days after the Magistrate Judge's reminder, tip the scale from a simple mistake to egregious conduct.

**THE COURT FINDS** that good cause does not exist for the tardy submission and the Motion for Leave to Submit Tardy Response (Dkt. 30) is **DENIED**.

SO ORDERED.

Date: 07/14/2011

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION*:*

Peter H. Rosenthal
Law Office of Peter H. Rosenthal
atyrosenthal@aol.com

Diamond Z. Hirschauer
Law Offices of Diamond Z. Hirschauer, PC
dzhirschauer@dzhlaw.com

Aaron R. Raff
Office of the Indiana Attorney General
aaron.raff@atg.in.gov

Betsy M. Isenberg
Office of the Indiana Attorney General
betsy.isenberg@atg.in.gov