UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES L. HUSPON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:11-cv-0109-TWP-DML |
| ) | |
| INDIANA DEPARTMENT OF ) | |
| CORRECTION, INDIANA DEPARTMENT ) | |
| OF CORRECTION COMMISSIONER ) | |
| EDWIN G. BUSS, Individually, ) | |
| PENDLETON CORRECTIONAL ) | |
| FACILITY SUPERINTENDENT ALAN ) | |
| FINNAN, Individually, PENDLETON ) | |
| CORRECTIONAL FACILITY INTERNAL ) | |
| AFFAIRS OFFICER, MIKE RAINS, ) | |
| Individually, ) | |
| ) | |
| Defendants. ) | |

**ENTRY ON DEFENDANTS' MOTION TO DISMISS**

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff Huspon's Amended Complaint. The Plaintiff, James L. Huspon ("Plaintiff" or "Huspon"), brings this action against the Defendants, Indiana Department of Correction ("IDOC"), Edwin Buss ("Buss"), Alan Finnan ("Finnan"), and Mike Rains ("Rains") (collectively, "Defendants") alleging constitutional violations pursuant to 42 U.S.C. § 1983 and § 1981 as well as violations of state law. Specifically, Huspon alleges the Defendants violated his constitutional rights under the Fifth, Eighth, and Fourteenth Amendment when they failed to segregate inmates based upon their propensity for violent behavior resulting in Huspon sustaining severe injuries by another inmate. Defendants filed a motion to dismiss Huspon's Amended Complaint (Dkt. 17) alleging that Huspon failed to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P.

12(b)(6). Huspon's failed to respond in a timely fashion. Consequently, the Court issued an Order to Show Cause (Dkt. 28).[1] Ultimately, the Court found that good cause did not exist for the tardy submission of Huspon's response brief and denied Huspon's Motion to Leave to Submit Tardy Response (Dkt. 30). Thus, the Court reviews the Defendants' Motion to Dismiss in isolation on its merits. For the reasons set forth below, Defendants' Motion to Dismiss (Dkt. 20) is **GRANTED** in part and **DENIED** in part.

## I. BACKGROUND

According to Plaintiff's amended complaint, Huspon was incarcerated at Pendleton Correctional Facility ("Pendleton") in Pendleton, Indiana. On November 8, 2009, Huspon was seriously injured in an attack by Quentin Abbott ("Abbott"), another inmate incarcerated at Pendleton. Prison personnel knew that Abbott was a member of the Gangster Disciples and had a history of bad behavior. Prison personnel also had knowledge of a previous attack by Abbott against Huspon on October 26, 2008. On the day of the attack, Abbott left his assigned area and entered a secured area carrying a knife. Abbott then stabbed Huspon. As a result of the attack, Huspon sustained permanent and severe injuries, including paraplegia.

Huspon's amended complaint alleges four counts. Count I through IV asserts claims against the IDOC and the Defendants Buss, Finnan, and Rains in their individual capacities. Specifically, Count I alleges that Defendants' failure to segregate Abbott, and other inmates, based on their propensity for violent behavior violated his due process rights under the Fifth Amendment. Count II alleges that Defendants' failure to segregate Abbott, and other inmates, based on their propensity for violent behavior violated his right to be free from cruel and unusual punishment under the Eighth Amendment. Count III alleges the Defendants violated his equal

---

[1] Huspon missed the deadline to file a response by 59 days. Worse still, 17 days after the deadline passed, Magistrate Judge Debra McVicker Lynch notified Huspon that he had missed the deadline. Apparently unconcerned, Huspon waited another 42 days to actually file the response.

protection rights under the Fourteenth Amendment by discriminating against him as an African-American and treating him differently from similarly situated Caucasian inmates. Finally, Count IV asserts a state law claim of negligence against the Defendants pursuant to the Indiana Tort Claims Act ("ITCA"). Additional facts are added below as needed.

## II. LEGAL STANDARD

Because the Defendants did not file an answer to Huspon's amended complaint before filing their motion to dismiss, the Defendants' motion is governed by Fed. R. Civ. P. 12(b)(6) not Rule 12(c) as they initially indicated. Pursuant to Rule 12(b)(6), the Court must take the facts alleged in the complaint as true and draw all reasonable inferences in favor of the Plaintiff. *Mosley v. Klincar*, 947 F.2d 1338, 1339 (7th Cir. 1991). The complaint must contain only a short and plain statement of the claim showing that the pleader is entitled to relief, Fed. R. Civ. P. 8(a)(2), and there is no need for detailed factual allegations. *Pisciotta v. Old Nat l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (citation omitted). Nevertheless, the statement must give the defendant fair notice of what the claim is and the grounds upon which it rests and the "[f]actual allegations must be enough to raise a right to relief above the speculative level. *Id*. (citations and internal quotations omitted). Finally, although heightened fact pleading is not required, the complaint must contain enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

## III. DISCUSSION

**A.     Claims against IDOC**

As an initial matter, Huspon has sued the IDOC, a state agency, for damages. *See Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (determining that the IDOC is a state agency and immune from suits for money damages in federal court under the Eleventh Amendment).

Huspon's suit against the IDOC for damages is barred under § 1983 because a state agency (as well as a state) is not a "person" subject to a damages action under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that neither a state nor its officials acting in their official capacities are "persons" under § 1983); *see also Williams v. Wis.*, 336 F.3d 576, 580 (7th Cir. 2003) (concluding that the plaintiff's damage claims against the state's department of corrections were blocked under § 1983). Therefore, Huspon's claims seeking damages against the IDOC are dismissed on the basis that they may not be sustained under § 1983.[1] *See Dobbey v. Ill. Dep't of Corrs.*, 574 F.3d 443, 444 (7th Cir. 2009) (affirming the dismissal of § 1983 claims against the Illinois Department of Corrections citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)).

**B.     Claims against individual Defendants**

Accordingly, the Court now turns to the remaining claims against the individual defendants. Defendants contend that Huspon's amended complaint is insufficient for two reasons. First, Defendants argue that Huspon's claims against all the individual defendants may not be properly asserted under § 1983. Second, Defendants argue Huspon's state law claims should be dismissed because he failed to comply with the Indiana Tort Claims Act ("ITCA"). The Court addresses these arguments in turn.

**1.     Fifth Amendment Claim (Count I)**

Defendants argue that Count I and Count II should be dismissed since constitutional deprivations arising from policies or customs may not be alleged against individual defendants

---

[1] Huspon's damage claims against the IDOC may also be barred under the Eleventh Amendment, which in the absence of a state's consent, prohibits a federal suit when a state or one of its agencies is a named defendant. *See Moore v. Ind.*, 999 F.2d 1125, 1128 (7th Cir. 1993). However, "suits against states for damages should be resolved on the ground that they do not come within § 1983, not because states are protected by the Eleventh Amendment." *Williams v. Wis.*, 336 F.3d 576, 580 (7th Cir. 2003) (relying on the Supreme Court's reasoning in *Vt. Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 779 (2000)).

because under § 1983 those claims may only be asserted against a municipality. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978) (holding that a municipality was a "person" under § 1983 and may be sued under § 1983 for constitutional deprivations resulting from "policy statement[s]…or decision[s] officially adopted and promulgated by that body's officers"); *see also Walker v. Sheahan*, 526 F.3d 973, 977 (7th Cir. 2008) ("A governmental unit is not liable under § 1983 unless the deprivation of constitutional rights is caused by its own policy or custom."). Defendants contend that Huspon's claims fail on their face because they are essentially policy claims against the Defendants in their individual capacities. Such claims, Defendants argue, are untenable in light of *Monell*.

The Court is persuaded by this argument. *Monell* presents a challenge for Huspon because it requires a plaintiff to show that a municipality adopted a policy which resulted in a constitutional deprivation or that its failure to train or supervise its officers amounted to deliberate indifference to the rights of others. *See City of Canton v. Harris*, 489 U.S. 378, 388-89 (1989). As an initial matter, Huspon has failed to allege a claim against a municipality, a prerequisite requirement to asserting a proper *Monell* claim. *Monell*, 436 U.S. at 694. Huspon's suit is against the IDOC and three officials associated with state government entities.[2] None of the Defendants is a municipality or an officer of a municipality; therefore, a *Monell* claim against any of the Defendants in this suit may not be sustained under § 1983. *Sanville v. McCaughtry*, 266 F.3d 724, 739-40 (7th Cir. 2001). Additonally, Huspon's failure to train and supervise allegations against the Defendants are insufficient to support a § 1983 claim when they are not

---

[2] Defendant Buss is the Commissioner of the Indiana Department of Correction. Defendant Finnan is the Superintendent of the Pendleton Correctional Facility. Defendant Rains is an investigator in the Internal Affairs Department of the Pendleton Correctional Facility. (Dkt. 17 at 2-3). *See Sanville v. McCaughtry*, 266 F3d 724, 733 (7th Cir. 2001) (recognizing that two wardens of two Wisconsin state correctional institutions were state officials, not local governmental officials).

attributable to a municipal official.³ *See Alexander v. City of South Bend*, 433 F.3d 550, 557 (7th Cir. 2006) (recognizing that a municipality may not be held liable under *Monell* for failure to train adequately or supervise police officers when the plaintiff fails to demonstrate any constitutional violation by a <u>municipal employee</u>). Because Huspon's claims for damages are essentially policy claims and failure to train claims asserted against Defendants in their individual capacity, and not municipalities as required by § 1983, Defendants' Motion to Dismiss with respect to Count I is **GRANTED** and the claims are dismissed with prejudice.

    2.    **Eighth Amendment Claim (Count II)**

Under Count II, Huspon alleges that the Defendants' actions and omission constituted a violation of Huspon's constitutional right to be free from cruel and unusual punishment secured by the Eighth Amendment. Defendants contend that Plaintiff's allegations are insufficient to establish liability against individual Defendants for Eighth Amendment violations under § 1983.

The Court is not persuaded. While the doctrine of *respondeat superior* does not apply to § 1983 actions, an individual may be liable as a defendant if he is "personally responsible for the deprivation of a constitutional right." *Sanville*, 266 F.3d at 740, quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *Gossmeyer v. McDonald*, 128 F.3d 481, 495 (7th Cir. 1997) ("Supervisors who are simply negligent in failing to detect and prevent subordinate misconduct are not personally involved."). A defendant "will be deemed to have sufficient personal responsibility if he directed the conduct causing the constitutional violation, or if it occurred with his knowledge or consent." *Id.* While mere knowledge of unconstitutional conditions is not enough to establish liability, supervisors who "know about the conduct and

---

³ Huspon in his amended complaint accuses Defendants of, among other issues: 1) failing to adopt or implement adequate policies or procedures to segregate violent persons such as Abbott from Huspon; 2) failing to supervise Abbott adequately; and 3) failing to train correctional officers adequately or to notify them of Abbott's propensities. (Dkt. 17 at 4).

facilitate it, condone it, or turn a blind eye for fear of what they might see" may be liable for "'deliberate, reckless indifference' to the misconduct of subordinates." *Chavez*, 251 F.3d at 651. Thus, in order for Huspon to survive a motion to dismiss based on a failure to protect claim, Huspon must allege that (1) "he is incarcerated under conditions posing a substantial risk of serious harm," and (2) "defendant-officials acted with 'deliberate indifference' to that risk." *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment…unless the official knows of and disregards an excessive risk to inmate health or safety; the official must be both aware of the facts…that a substantial risk of serious harm exists, and he must also draw the inference.")).

Overall, Plaintiff's allegations state a § 1983 claim under the Eighth Amendment. Now, the Court must analyze which individual Defendants may be liable under this claim. Here, Huspon alleges that each of the individual Defendants failure to segregate Abbott and other inmates based on their propensity for violent behavior constituted a deliberate, reckless indifference to Huspon's safety. However, Huspon has not provided any facts in his amended complaint that suggests either Defendant Buss or Defendant Finnan were personally responsible for any deprivation. Huspon's amended complaint does not allege that Buss or Finnan knew of a substantial risk of injury that could occur to Huspon by Abbott. Huspon also does not allege that Buss or Finnan facilitated, approved, or condoned of such actions by subordinates that directly lead to the attack on Huspon. The amended complaint primarily targets Buss and Finnan as supervisors with only general knowledge of violence within Pendleton instead of specific knowledge of violence towards Huspon. *See Brown*, 398 F.3d at 909 (noting that mere knowledge of general risk of violence by a "high level" official is not enough to satisfy a failure

7

to protect claim under the Eighth Amendment). Because Huspon has not alleged any direct action taken by Buss or Finnan as supervisors, Huspon has not stated a sufficient claim against them.

Huspon also alleges Defendant Rains acted with deliberate, reckless indifference when he failed to segregate Abbott from Huspon after acknowledging that Abbott posed a serious risk to Huspon's safety. In Huspon's amended complaint, he alleged that Rains informed Huspon and his mother that "Abbott presented a serious risk to Mr. Huspon's safety, and [he] would see to it that Abbott was not permitted access to Mr. Huspon." (Dkt. 17 at 5). He also alleged that Rains was aware of a previous attack by Abbott on Huspon.[4] *Id.* Unlike Buss and Finnan, Rains' acknowledgement of the risk Abbott posed to Huspon, coupled with his knowledge of a previous attack by Abbott against Huspon, supports a claim for substantial risk. *See Brown*, 398 F.3d at 913 (denying defendants' motion to dismiss when plaintiff alleged an official knew of a substantial risk that a specific assailant had a violent propensity toward Caucasian inmates). Moreover, Huspon's allegations that Rains disregarded Abbott's violent behavior, by failing to provide Huspon with "safe and appropriate housing," is sufficient to state a claim for deliberate indifference. (Dkt. 17 at 8). Thus, the Court finds that Huspon has stated a plausible § 1983 claim against Defendant Rains in his individual capacity. Therefore, Defendants' Motion to Dismiss on Count II is **GRANTED** with respect to claims against Defendants Buss and Finnan and **DENIED** with respect to claims against Defendant Rains. The claims against Defendants Buss and Finnan are dismissed with prejudice.

3. **Fourteenth Amendment Claim (Count III)**

Under Count III, Huspon alleges Defendants also violated his equal protection rights by

---

[4] Huspon states that the Defendants were aware of the fact that Abbott was a known gang member of the Gangster Disciples. (Dkt. 17 at 4).

discriminating against him as an African-American and treating him differently from similarly situated Caucasian inmates. Defendants argue that Huspon's equal protection claim is insufficient under § 1983 because it is essentially a "policy or custom" claim that may be only asserted against a municipality, not individual defendants. The Court agrees. As the Court analyzed previously regarding Count I, *see supra* Part B, § 1., claims alleging a failure of an entity to implement or adopt policies or customs, subsequently resulting in a constitutional deprivation, must be asserted against a municipality, not an individual. *See Sanville*, 266 F.3d at 739-40. Because Huspon's suit is against the Defendants in their individual capacity, his equal protection claim cannot be sustained under § 1983. Therefore, the Defendants' Motion to Dismiss with respect to Count III is **GRANTED** and the claims are dismissed with prejudice.

    **4.**    **State Law Claims**

Lastly, Defendants claim that Huspon's state law claims are barred under the ITCA for failing to set forth in his amended complaint a reasonable factual basis to support his state law claims. Pursuant to Ind. Code § 34-13-3-5(c), "[a] lawsuit filed against an employee personally must allege that an act or omission of the employee that causes a lost is: (1) criminal; (2) clearly outside the scope of the employee's employment; (3) malicious; (4) willful and wanton; or (5) calculated to benefit the employee personally." Ind. Code § 34-13-3-5(c). The plaintiff's complaint "must contain a reasonable factual basis supporting the allegation." *Id.* In addition, "[a] lawsuit alleging that an employee acted within the scope of the employee's employment bars an action by the claimant against the employee personally." *Id.* at -5(b). Compliance with the ITCA is a legal determination to be made by the court. *Lake Cnty. Juvenile Ct. v. Swanson*, 671 N.E.2d 429, 437 (Ind. Ct. App. 1996).

Here, Defendants argue that Huspon is barred from asserting any state law claims under the ITCA because Huspon failed to set forth any reasonable factual basis for supporting his allegations as required by the ITCA. *See* Ind. Code. § 34-13-3-5(c). Under Count IV, Huspon has failed to comply with the ITCA's provisions by not providing a "reasonable factual basis" for his negligence claims against the Defendants. Huspon did not provide any facts under Count IV contending that any of the individual Defendants acted criminally, maliciously, willful and wanton, clearly outside of the scope of their employment, or for personal gain. *Id.* at -5(b). To the contrary, Huspon plead that the Defendants were acting within the scope of their employment. (Dkt. 12 at 3). Under the ITCA, a claimant's suit against a government employee personally is barred if the lawsuit alleges that the employee acted within the scope of their employment. Ind. Code § 34-13-3-5(b). Because Huspon failed to comply with the ITCA's provisions outlining the requirements to set forth a claim against a government employee, his state law claims are barred.

Even if the court assumes *arguendo* that Huspon has provided a sufficient reasonable factual basis to support a negligence claim under the ITCA, he is procedurally barred from asserting it because he failed to comply with the ITCA's notice provision. *See Brown v. Alexander*, 876 N.E.2d 376, 383 (Ind. Ct. App. 2007) ("Compliance with the notice provisions of the ITCA is a procedural precedent which the plaintiff must prove and which the trial court must determine before trial."). Under the ITCA, a tort claim against a political subdivision is barred unless notice is filed with "the governing body of that political subdivision…within one hundred eighty (180) days after the loss occurs." Ind. Code § 34-13-3-8(a). Huspon has made no showing through his original complaint or his amended complaint that he filed a timely, effective notice with the IDOC pursuant to Indiana Code § 34-13-3-8(a). Since the "plaintiff bears the

10

burden of proving compliance with the notice provisions," Huspon's failure to show that he gave timely, effective notice to the IDOC is a procedural bar to any of his state law claims under the ITCA. *Ind. Dep't of Highways v. Hughes*, 575 N.E.2d 676, 678 (Ind. Ct. App. 1991). Therefore, Defendants' Motion to Dismiss is **GRANTED** with respect to Count IV and Huspon's state law claims are dismissed with prejudice.

## IV. CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss (Dkt. 20) is **GRANTED** with respect to all claims in Count I, III, and IV and claims against Defendants Buss and Finnan in Count II, but **DENIED** with respect to claims under Count II against Defendant Rains. In view of the Court's ruling, the IDOC, Defendant Buss, and Defendant Finnan are dismissed as parties from this suit.

SO ORDERED:

Date: 10/07/2011

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution attached.

DISTRIBUTION:

Matthew T. Black
STATE OF INDIANA OFFICE OF THE ATTORNEY GENERAL
matthew.black@atg.in.gov

Diamond Z. Hirschauer
THE LAW OFFICES OF DIAMOND Z. HIRSCHAUER, P.C.
dzhirschauer@dzhlaw.com

Betsy M. Isenberg
INDIANA OFFICE OF THE ATTORNEY GENERAL
betsy.isenberg@atg.in.gov

Peter H. Rosenthal
LAW OFFICE OF PETER H. ROSENTHAL
atyrosenthal@aol.com